**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

CHESTER L. THOMAS,

    Plaintiff,

v.

STEVE NICHOLOU, AND STANLEY WILLIAMS,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-165

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff's failure to comply with the Court's Order of April 22, 2016, (doc. 15), and his failure to prosecute this action. For the following reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims **without prejudice** for failure to follow the Court's directive and failure to prosecute. I further **RECOMMEND** that Plaintiff be denied leave to appeal *in forma pauperis* and that all pending Motions be **DENIED AS MOOT**.

### BACKGROUND

On September 8, 2015, Plaintiff, proceeding pro se, filed a Complaint contesting certain conditions of his confinement while housed at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) With his Complaint, Plaintiff filed a Motion to Proceed *In Forma Pauperis*. (Doc. 2.) The Court granted that Motion on September 30, 2015. (Doc. 3.)

On January 12, 2016, the undersigned issued an Order and Report and Recommendation following a frivolity review of Plaintiff's Complaint. (Doc. 8.) The Court directed a copy of

Plaintiff's Complaint be served upon Defendants.  Id.  Plaintiff did not file any objections, and the Court adopted the Report and Recommendation.  (Doc. 9.)

In the Report and Recommendation, the Court provided instructions to Plaintiff regarding the prosecution of this action.  (Doc. 8, pp. 10–13.)  The Court instructed Plaintiff that if he "does not press his case forward, the Court may dismiss it for want of prosecution."  (Id. at 12.)  The Court specifically informed Plaintiff of his obligation to respond to a motion to dismiss within 14 days of service of such a motion.  (Id. at 12–13.)  The Court explained that, should Plaintiff fail to respond to such a motion, the Court will assume that he does not oppose the Motion and that the Court may dismiss his case for lack of prosecution.  Id.

Defendants filed a Motion to Dismiss all claims against them on March 23, 2016.  (Doc. 13.)  Defendants also moved to stay any discovery deadlines while the Motion to Dismiss was pending.  (Doc. 14.)  On April 26, 2016, the Court granted the Defendant's Motion to Stay and instructed Plaintiff to respond to Defendants' Motion to Dismiss within twenty-one days.  (Doc. 15.)  The Court again alerted Plaintiff that, should he fail to respond to the Motion to Dismiss, the Court would presume he does not oppose the Motion and that it will dismiss the case for failure to proseucte.  (Id. at 3.)  In addition, the Court provided Plaintiff with a copy of Federal Rules of Civil Procedure 41 and 12 to ensure that he had full notice of the requirements of the Rules regarding motions to dismiss.  Id.

Plaintiff has entirely failed to respond to Defendants' Motion to Dismiss.  Indeed, Plaintiff has not made any filings in this case since October 22, 2015.  (Doc. 5.)

**DISCUSSION**

The Court must now determine how to address Plaintiff's failure to comply with this Court's Orders and his failure to respond to Defendants' Motion to Dismiss. For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims and **DENY** him leave to appeal *in forma pauperis*.

**I.     Dismissal for Failure to Prosecute and Follow this Court's Orders**

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.") (emphasis omitted). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court repeatedly advised Plaintiff that his failure to respond to the Motion to Dismiss would result in dismissal of this action.

3

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite having been advised of his obligation to respond to Defendant's Motion to Dismiss and the consequences for failing to respond, Plaintiff has not filed any opposition to

4

Defendants' Motion. Additionally, with Plaintiff not having taken any action on this case for over seven months, he has failed to diligently prosecute his claims.

Thus, I **RECOMMEND** the Court **DISMISS** Plaintiff's Section 1983 Complaint, (doc. 1), **without prejudice** for failure to prosecute and **CLOSE** this case.

## II. Leave to Appeal In Forma Pauperis

The Court should also deny Plaintiff leave to appeal in forma pauperis. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's directives and failure to prosecute, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should be **DENIED**.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** this action, without prejudice, and **DIRECT** that the Clerk of Court enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal and **DISMISS** all pending Motions as Moot.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA